PER CURIAM
*462 Defendant appeals a judgment of conviction on one count of endangering the welfare of a minor, ORS 163.575 (1)(b) (making it a crime to knowingly permit a child "to enter or remain in a place where unlawful activity involving controlled substances" is maintained or conducted). She argues that the trial court should have granted her motion for a judgment of acquittal on that count, because the evidence was legally insufficient *279 to prove that a principal or substantial use of her home-the place where she knowingly permitted children to enter and remain-was to facilitate unlawful drug activity. See State v. Gonzalez-Valenzuela , 358 Or. 451, 473, 365 P.3d 116 (2015) (holding that "the phrase 'a place where unlawful activity involving controlled substances is maintained or conducted,' ORS 163.575(1)(b), refers to a place where a principal or substantial use of the place is to facilitate unlawful drug activity," and describing factors relevant to that determination).
The state concedes that, in light of Gonzalez-Valenzuela , the evidence presented at trial was legally insufficient to support the conviction. We agree, accept the concession of error, and reverse the conviction.[1]
Conviction for endangering the welfare of a minor reversed; otherwise affirmed.

Defendant was acquitted of a second count of endangering the welfare of a minor, and the judgment also disposes of that count. We do not disturb that part of the judgment.